USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC#: _____
DATE FILED: 3/11/2024

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

**DIAKITE,**

              **Petitioner,**

       -against-

**UNITED STATES CITIZENSHIP AND IMMIGRATION SERVICES,**

              **Respondent.**

23-cv-00725 (ALC)

**OPINION & ORDER**

**ANDREW L. CARTER, United States District Judge:**

In January 2023, petitioner filed this writ of mandamus petition, seeking to compel the government to grant her application, filed in October 2011, to Adjust to Permanent Resident Status. Respondent argues that this court lacks subject matter jurisdiction because Diakite's petition is moot.

Since the filing of the petition, respondents granted her application. However, following the grant of her application, petitioner complained to respondents about purported errors on her green card–the documentation of her lawful permanent status. Respondents examined the matter and now claim that petitioner's green card should not have even been issued, filing a Notice of intent to Rescind Permanent Residence ("NOIR"). The NOIR states that petitioner can file a written response or request a hearing before an immigration judge. Petitioner has not exhausted administrative remedies connected to the NOIR.

Because Respondents have granted Petitioner the relief she initially requested in her mandamus petition, the request is moot. Therefore, Respondent's motion to dismiss is **GRANTED**.

## BACKGROUND

Ms. Diakite, a citizen of Guinea, initially applied for asylum in the United States on January 22, 2002. Declaration of Nancy Lazaro ("Lazaro Decl."), Exhibit ("Ex.") A, p.7. In the asylum application, Petitioner failed to list her United States children on her application and was subsequently charged with removability in March 2002. *Id.* Petitioner subsequently appealed the determination over several years and ultimately obtained an order from the Board of Immigration Appeals reopening and remanding her case back to the Immigration Court for further proceedings in 2010. *Id.* Petitioner then filed an application for Cancellation Of Removal ("EOIR-42-B") in 2011 and was told by Respondent that the application was "accepted as an [Application to Register Permanent Residence or Adjust Status] I-485 receipt at the Texas Service Center." *Id.* Respondent, while acknowledging that Petitioner filed an EOIR-42B in 2011 and was issued a receipt which stated that the application "ha[d] been received and accepted as an I-485 receipt," alleges that a I-485 application was never submitted in 2011. *Id.* In 2015, Petitioner filed an Application for Temporary Protected Status ("TPS") alongside an Application for Travel which was rejected that same year. The following year, Petitioner then filed an Application for Waiver of Grounds of Inadmissibility in connection with her 2015 TPS application. *Id.* Respondent claims that when filling out this application, Petitioner stated that she was not filing the application after having already previously filed a Form I-485 Application. *Id.* Respondents then approved the TPS application and subsequent Application for Waiver of Grounds of Inadmissibility on February 3, 2016. *Id.* In January 2020, Diakite's daughter filed a Petition for Alien Relative on Petitioner's behalf, and the petition was approved in February 2021.

Petitioner then commenced this mandamus action in January 2023, asserting an unreasonable delay in the final determination of the 2011 Form I-485 Application. *See* ECF No. 1 ("Petition"). Following the filing of this action, Petitioner was then interviewed in connection with the Petition for Alien Relative that her daughter had filed in 2020. Lazaro Decl., Ex. A, p.7. Following that interview and the submission of certain documentation, Respondent adjusted Petitioner's status to that of a lawful permanent resident on May 16, 2023. *Id.*

Upon receiving her green card in the mail, Petitioner observed that the date of issuance listed on the documentation was purportedly incorrect and "not consistent with USCIS policy." ECF No. 15 at 2. Petitioner then requested that Respondent correct the error. *Id.* In response to that request, Respondent sent Petitioner a Notice of Intent to Rescind Permanent Resident Status ("NOIR"). *See* Lazaro Decl., Ex. A. In the NOIR, Respondent stated that Petitioner's status alteration was allegedly erroneous because: (1) Petitioner failed to file a Form I-485 Application in 2011, (2) Respondent does not have jurisdiction over the status adjustment because the removal proceedings before the Immigration Judge have not yet been terminated, (3) Petitioner neither had prior to nor contemporaneously applied for a visa when filing the 2011 Form I-485, (4) Petitioner was not inspected and admitted or paroled into the United States, and (5) Petitioner violated INA § 212(a)(6)(C)(i) when failing to divulge her American-born children in her asylum application. *Id.* at 4-6. The NOIR also states that Petitioner can file a written response or request a hearing before an immigration judge. *Id.* at 7-8.

On July 11, 2023, filed a motion for "Judicial Notice And/Or Motion to Cancel NOIR Ex Parte" in which Petitioner moved for "voluntary dismissal of the instant action following the correction of the [green card's] approval date" as well as "an order of cancellation of" the NOIR. ECF No. 15 at 2. On August 9, 2023, Respondents moved to dismiss the Petition as moot,

arguing that Petitioner's requested mandamus relief—that USCIS process and/or grant Petitioner's Form I-485 Application—had already been granted. ECF No. 21 at 6. Respondents also argue that Petitioner's Motion to Cancel the NOIR ought not be reviewed as Petitioner did not include a request for such relief in the mandamus petition, has not yet exhausted the available administrative remedies, and because this claim is not yet ripe for review. ECF No. 21 at 8.

## LEGAL STANDARD

Dismissal of a case pursuant to Rule 12(b)(1) for lack of subject-matter jurisdiction is appropriate "when the district court lacks the statutory or constitutional power to adjudicate it." *Makarova v. United States*, 201 F.3d 110, 113 (2d Cir. 2000). Mootness is one such appropriate ground for dismissal under Rule 12(b)(1). *See Doyle v. Midland Credit Mgmt., Inc.*, 722 F.3d 78, 80 (2d Cir. 2013). A case is moot where it "is impossible for a court to grant any effectual relief whatever to the prevailing party." *Chevron Corp. v. Donziger*, 833 F.3d 74, 124 (2d Cir. 2016) (quoting *Chafin v Chafin*, 568 U.S. 165, 172 (2013)). So long as "the parties have a concrete interest, however small, . . . the case is not moot." *Id.* (quoting *Knox v. SEIU, Local 1000*, 567 U.S. 298, 307-308 (2012)).

The doctrine of exhaustion of remedies establishes that a mandamus petitioner must first seek "all possible relief within the agency itself." *Beharry v. Ashcroft*, 329 F.3d 51, 56 (2d Cir. 2003) (internal quotation marks omitted). The exhaustion requirement applies to those seeking review of a denial of a Form I-485 Application. *Belem v. Jaddou*, No. 21-CV-4093 (VEC), 2022 U.S. Dist. LEXIS 94184, at *7 (S.D.N.Y. May 25, 2022).[1] Failure to adequately establish exhaustion of administrative remedies leaves a federal court without subject matter jurisdiction to adjudicate a petition. *Howell v. I.N.S.*, 72 F.3d 288, 291 (2d Cir. 1995). Exceptions to the

---

[1] Petitioner will be provided with copies of all unpublished opinions cited in this decision. *See Lebron v. Sanders*, 557 F.3d 76, 79 (2d Cir. 2009).

exhaustion requirement include when: "(1) available remedies provide no genuine opportunity for adequate relief; (2) irreparable injury may occur without immediate judicial relief; (3) administrative appeal would be futile; and (4) in certain instances a plaintiff has raised a substantial constitutional question." *Id.* (internal quotation marks omitted).

For purposes of deciding the pending motion to dismiss, the Court accepts as true all well-pleaded factual allegations in the petition but does not draw all favorable inferences for the party asserting jurisdiction. *See J.S. ex rel. N.S. v. Attica Cent. Sch.*, 386 F.3d 107, 110 (2d Cir. 2004). The Court does liberally construe Petitioner's submissions and interprets them "to raise the strongest arguments that they suggest." *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (per curiam) (internal quotation marks omitted). Nevertheless, "threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Chavis v. Chappius*, 618 F.3d 162, 170 (2d Cir. 2010).

## DISCUSSION

As stated previously, Respondent moves to dismiss the Petition on the grounds that their adjudication of Petitioner's Form I-485 Application and alteration of Petitioner's status to that of a lawful permanent resident renders the action moot. ECF No. 21 at 6. Respondent also argues that this Court does not have jurisdiction to hear Petitioner's motion for cancellation of the NOIR. ECF No. 21 at 8.

### I. Mootness

If, in a mandamus action seeking a court to compel a federal entity to act, that federal entity has already acted, the mandamus claim becomes moot and subject matter jurisdiction to hear the claim becomes moot. *Barrett v. United States*, 105 F.3d 793, 794 (2d Cir. 1997). Here, Diakite's petition sought a writ "directing the Respondent . . . to perform an act . . . in processing

and/or granting to eligible Petitioner's [Form I-485] Application . . . filed on or about October 28, 2011." Petition at 1.  Here, Respondent has processed Petitioner's 2011 Application and adjusted Petitioner's status accordingly.  Therefore, the "relief sought" in the petition "is no longer needed." *Martin-Trigona v. Shiff*, 702 F.2d 380, 386 (2d Cir. 1983).

Petitioner's arguments against mootness are ineffective.  Firstly, Petitioner's conclusory statements that Respondent's subsequent NOIR issuance renders the status change "tentative" is unavailing.  ECF No. 27 at 3.  Respondent granted Petitioner's status adjustment pursuant to her 2011 Form I-485 Application.  ECF No. 21 at 7; Lazaro Decl., Ex. A at 2.  8 U.S.C. §§ 246.1-246.9 makes clear that the NOIR does not independently terminate the previously conferred status adjustment.  *See id.* (enumerating procedures involved in the adjudication of NOIRs, including the contestation of allegations, provision of hearings, and appeals).  Petitioner has in fact been granted the relief sought even though Respondent subsequently claims that the initial processing was conducted erroneously.  Second, Petitioner seems to recast the Petition as also seeking relief from Respondent's erroneous dating of her green card.  *See* ECF No. 27 at 6 (claiming that Respondent "overlooked the need to address Plaintiff's [*sic*] Complaint to correct administrative error regarding a retroactive application based on the running of the [c]lock under USCIS policy guideline.").  A thorough reading of the Petition establishes it contains no such prayer for relief.  Finally, there is also nothing in the record which supports Ms. Diakite's allegation that Respondent issued the subsequent NOIR in an attempt to penalize her for utilizing the mandamus proceedings.

**II.     Exhaustion**

Petitioner raises several arguments attacking the validity of Respondent's NOIR issuance before this Court.  Petitioner has not yet exhausted their administrative remedies regarding these

claims or pleaded any applicable exception to exhaustion. Therefore, this Court does not consider them here.[2]

### III.     Leave to Amend

Because "[a] *pro se* complaint is to be read liberally[,] . . . the court should not dismiss without granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated." *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000) (internal quotation marks omitted). Nevertheless, leave to amend ought not be granted where doing so would be futile. *Id.* Granting leave to amend the petition would be futile here because the subject-matter jurisdiction defects can not be cured with repleading. If granted leave to replead, Petitioner could claim, at best, that Respondent's issuance of a green card with an improper date contrary to agency regulations does not constitute effective "processing" of her application. This argument would not ultimately prevail for some of the same reasons. First, as stated previously, the mandamus petition made no such request in the first instance. Rather, it requested only that the agency act by processing Petitioner's application. The agency has done just that. Second, also as previously stated, Petitioner has not yet exhausted her administrative remedies.

Zooming out from the particulars of this case, it is important to remember that the mandamus relief is limited. Courts applying this power may only go so far as to force an agency to uphold their ministerial obligations. We are not able to force agencies to make a particular substantive choice. That the agency has taken some action, regardless of its substantive quality, is what renders this case moot and any potential amendment futile.

---

[2] Because the Court declines to review Petitioner's arguments as to the validity of the NOIR for lack of exhaustion, it does not consider Respondent's argument as to this issue's ripeness at this junction.

Petitioner would also be unable to amend her petition to state that this Court has jurisdiction under the APA. The Second Circuit in *Sharkey v. Quarantillo* makes clear that APA review is appropriate only for "final agency action[s]" and only where such action is not "committed to agency discretion by law." 541 F.3d 75, 88 (2d Cir. 2008). These conditions have not been met here.

## CONCLUSION

For these reasons, Respondent's motion to dismiss is **GRANTED**. The Petition is **DISMISSED** with prejudice. The Clerk of the Court is respectfully directed to enter judgment for Respondent and terminate this case.

**SO ORDERED.**

**Dated**:  March 11, 2024
New York, New York

*/s/ Andrew L. Carter, Jr.*
_____
**ANDREW L. CARTER, JR.**
**United States District Judge**