USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 5/14/2024

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| **DIAKITE,**  Petitioner, -against- **U.S. CITIZENSHIP AND IMMIGRATION SERVICES (USCIS),**  Respondent. | 23-CV-00725 (ALC) **OPINION & ORDER** |

**ANDREW L. CARTER, United States District Judge:**

In an Opinion and Order issued on March 11, 2024, this Court granted Respondent United States Citizenship and Immigration Service's ("USCIS") motion to dismiss the action. *See* ECF No. 29 ("Prior Opinion"); *see also Diakite v. United States Citizenship & Immigr. Servs.*, No. 23-cv-00725 (ALC), 2024 U.S. Dist. LEXIS 42385 (S.D.N.Y. Mar. 11, 2024). Petitioner Diakite now moves for reconsideration of that decision. For the reasons set forth below, Petitioner's motion is **DENIED**.

## LEGAL STANDARD

### I. Motion for Reconsideration

"The standard for granting a motion for reconsideration is strict." *RCC Ventures, LLC v. Brandtone Holdings Ltd.*, 322 F.R.D. 442, 445 (S.D.N.Y. 2017). Motions for reconsideration are generally denied "unless the moving party can point to controlling decisions or data that the court overlooked—matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995) (citation omitted). A motion for reconsideration "is not a vehicle for relitigating old issues, presenting the case under new theories, securing a rehearing on the merits, or otherwise taking a

second bite at the apple." *Analytical Surveys, Inc. v. Tonga Partners, L.P.*, 684 F.3d 36, 52 (2d Cir. 2012). Therefore, a "motion for reconsideration should be granted only when the [moving party] identifies an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." *Kolel Beth Yechiel Mechil of Tartikov, Inc. v. YLL Irrevocable Tr.*, 729 F.3d 99, 104 (2d Cir. 2013) (quoting *Virgin Atl. Airways, Ltd. V. Nat'l Mediation Bd.*, 956 F.2d 1245, 1255 (2d Cir. 1992) (internal quotation marks omitted). The moving party is barred from "advanc[ing] new facts, issues[,] or arguments not previously presented to the Court' on a motion for reconsideration." *Steinberg v. Elkman*, No. 15CV278-LTS-DCF, 2016 U.S. Dist. LEXIS 52192, at *2 (S.D.N.Y. Apr. 6, 2016) (quoting *Nat'l Union Fire Ins. Co. of Pittsburgh v. Stroh Cos.*, 265 F.3d 97, 115 (2d Cir. 2001)).

## DISCUSSION

Petitioner alleges that the prior opinion dismissing the case contained clear errors of fact and law by failing to address "issues concerning the more than [t]en years delay [*sic*] in the processing of Diakite's application . . . whether the agency is authorized by law to correct . . . the approved Resident Card; [and] whether [the] mandamus Court may compel USCIS to carr[y] out such performance as required by law" as well as failing to consider "whether USCIS is authorized by law to initiate NOIR proceeding[s]" and whether USCIS failed to "comply with the agency's mandatory service notification requirement that NOIR be served personally on Diakite." ECF No. 31 ("Mot.") at 5-6.

While Petitioner is correct that the Court did not decide some of these issues in its prior opinion, this is insufficient to meet the standard on a motion for reconsideration. As discussed in the prior opinion, USCIS's processing of Petitioner's 2011 Application and related adjustment of Petitioner's status to that of a lawful permanent resident granted Petitioner the relief sought in the

initial mandamus petition. *See* Prior Opinion at 5-6. Respondent's actions rendered the case moot and thereby stripped this Court of subject-matter jurisdiction to hear this case. The relief which Petitioner initially sought is "no longer needed" as the agency has taken action on Petitioner's 2011 application and status. *Martin-Trigona v. Shiff*, 702 F.2d 380, 386 (2d Cir. 1983).

Additionally, several of the issues which Petitioner presents again—namely the propriety of the NOIR proceedings and the correction of the issuance date of Petitioner's green card— could not have been presented by the mandamus petition because they long post-date Petitioner's prayer for relief. What's more, the NOIR proceedings and the effectiveness of service thereof are issues for which separate administrative process is available and which this Court can not review by reason of the exhaustion requirement.

## CONCLUSION

The Court has considered Petitioner's remaining arguments and finds them to be without merit. As such, the motion for reconsideration is **DENIED**. Pursuant to Fed. R. App. P. 4(a)(4), Petitioner now has 30 days from the entry of this order dispensing with their reconsideration motion in which to file any anticipated notice of appeal. *See also* Fed. R. App. P. 4(a)(1).

**SO ORDERED.**

**Dated: May 14, 2024**
    New York, New York

                            **ANDREW L. CARTER, JR.**
                            **United States District Judge**